UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KAREN M. BAUER, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 09-1120 (JLL-CCC) Consolidated Action |
| Plaintiff, | : | Honorable Jose L. Linares United States District Judge |
| v. | : | Motion Returnable: January 19, 2010 |
| PRUDENTIAL FINANCIAL, INC., et al. | : : | Oral Argument Requested |
| Defendants. | | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF DEFENDANTS CITIGROUP GLOBAL MARKETS INC.,
MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED, MORGAN STANLEY & CO. INCORPORATED, UBS
SECURITIES LLC, WACHOVIA CAPITAL MARKETS, LLC, BANC
OF AMERICA SECURITIES LLC, RBC CAPITAL MARKETS
CORPORATION, AND J.P. MORGAN SECURITIES INC.
TO DISMISS THE CONSOLIDATED CLASS ACTION COMPLAINT**

| | |
|---|---|
| SILLS CUMMIS & GROSS P.C. Jeffrey J. Greenbaum Katherine M. Lieb One Riverfront Plaza Newark, New Jersey 07102-5400 (973) 643-7000 | SIDLEY AUSTIN LLP A. Robert Pietrzak Alex J. Kaplan 787 Seventh Avenue New York, New York 10019 (212) 839-5300 |

*Attorneys for Defendants Citigroup Global Markets Inc., Merrill Lynch, Pierce,
Fenner & Smith Incorporated, Morgan Stanley & Co, Incorporated, UBS
Securities LLC, Wachovia Capital Markets, LLC, Banc of America Securities LLC,
RBC Capital Markets Corporation, and J.P. Morgan Securities Inc.*

## TABLE OF CONTENTS

ARGUMENT ................................................................................................ 1

CONCLUSION ............................................................................................ 3

## TABLE OF AUTHORITIES

## CASES

Ashcroft v. Iqbal,
   129 S. Ct. 1937 (2009)...........................................................................................2

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007) .............................................................................................2

Cafaro v. HMC International, LLC,
   No. 07-2793, 2009 WL. 1622825 (D.N.J. June 10, 2009) (Linares,
   J.) ..........................................................................................................................3

CalPERS v. Chubb Corp.,
   394 F.3d 126 (3d Cir. 2004) .................................................................................3

In re Vonage IPO Sec. Litig.,
   Civil Action No. 07-177 (FLW), 2009 U.S. Dist. LEXIS 28255 (D.
   N.J. Apr. 6, 2009) .................................................................................................3

Defendants Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, Wachovia Capital Markets, LLC, Banc of America Securities LLC, RBC Capital Markets Corporation, and J.P. Morgan Securities Inc., (collectively, the "Underwriter Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Consolidated Class Action Complaint (the "Complaint" or "Cmplt") of Lead Plaintiff Paul J. Perry, Trustee of the Paul J. Perry Revocable Trust ("Plaintiff") pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

## ARGUMENT

As fully explained in the Prudential Defendants' memorandum of law, the Complaint fails to state a claim under Section 11 of the Securities Act because (1) Plaintiff does not plead that any statements in Prudential's Registration Statement and Prospectus were false when made, and any inferences Plaintiff seeks are contradicted by documents incorporated by referenced into the Complaint or judicially noticeable filings; (2) there was no duty to make intra-quarterly disclosures; (3) Plaintiff fails to plead materiality; and (4) Plaintiff fails to plead any compensable loss.  Thus, the Underwriter Defendants incorporate by reference and adopt the arguments set forth in the Prudential Defendants' memorandum of law, as if fully set forth herein.  (See Prudential Mem. at Parts I-II.)

The deficiencies noted by Prudential are even more stark in the case of the Underwriter Defendants because of the nearly total lack of allegations concerning them. Indeed, the Complaint mentions the Underwriter Defendants only in two paragraphs and, in those paragraphs, only in the most cursory and conclusory terms. It alleges that "[e]ach of the Underwriter Defendants was identified in the Registration Statement, was responsible for the contents and dissemination of the Registration Statement, and is liable to Plaintiff and the Class for the misstatements and omissions identified above pursuant to Section 11 of the Securities Act." (Cmplt., at ¶ 74.) With respect to the Underwriter Defendants' conduct, Plaintiff conclusorily alleges that "[n]one of the . . . Underwriter Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions or any material facts and were not misleading." (Id., at ¶ 75.)

Thus, the two passing references to the Underwriter Defendants are nothing more than boilerplate allegations, leaving the Complaint devoid of facts to support the claims against those Defendants. Absent any allegations in the Complaint that "plead a right to relief above the speculative level," the most fundamental requirements of Rule 8 of the Federal Rules of Civil Procedure plainly are not met, requiring dismissal of the claims against the Underwriter Defendants. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also, e.g., Ashcroft v. Iqbal, 129

S. Ct. 1937, 1949 (2009) (same); <u>Cafaro v. HMC Int'l, LLC</u>, No. 07-2793, 2009 WL 1622825, at *2 (D.N.J. June 10, 2009) (Linares, J.) (same).[1]

## **CONCLUSION**

For the foregoing reasons, as well as the reasons incorporated herein by reference, the Underwriter Defendants' motion to dismiss the Complaint with prejudice should be granted.

>
> Respectfully submitted,
>
> SILLS CUMMIS & GROSS P.C.
> One Riverfront Plaza
> Newark, New Jersey  07102-5400
> (973) 643-7000
> By:  s/ Jeffrey J. Greenbaum
>         JEFFREY J. GREENBAUM
>         KATHERINE M. LIEB
>
> SIDLEY AUSTIN LLP
> A. Robert Pietrzak
> Alex J. Kaplan
> 787 Seventh Avenue
> New York, New York 10019
> (212) 839-5300

---

[1] Plaintiff's allegations that Defendants "concealed" information, including "known trends" (Cmplt. ¶¶ 3, 42, 52-53, 60-61, 66-67), constitute averments of fraud and, thus, subject Plaintiff's claims to the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure.  However, given that Plaintiff's claims against the Underwriter Defendants are deficiently pled under Rule 8, they also fail to satisfy Rule 9(b)'s particularity standard, requiring dismissal for this reason, too.  <u>See</u>, <u>e.g.</u>, <u>CalPERS v. Chubb Corp.</u>, 394 F.3d 126, 159-63 (3d Cir. 2004); <u>In re Vonage IPO Sec. Litig.</u>, Civil Action No. 07-177 (FLW), 2009 U.S. Dist. LEXIS 28255, at *17-22 (D. N.J. Apr. 6, 2009).

4

*Attorneys for Defendants Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, Wachovia Capital Markets, LLC, Banc of America Securities LLC, RBC Capital Markets Corporation, and J.P. Morgan Securities Inc.*

Dated:  September 21, 2009