UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAREN M. BAUER, Individually and on :
Behalf of All Others Similarly Situated,    Civil Action No. 09-1120 (JLL-CCC)
: Consolidated Action
Plaintiff,
: Honorable Jose L. Linares
v.                                    United States District Judge
:
PRUDENTIAL FINANCIAL, INC., et al.   (Electronically Filed Document)
:
Defendants.
:

# UNDERWRITER DEFENDANTS' REPLY MEMORANDUM
# OF LAW IN SUPPORT OF THE MOTION TO DISMISS
# THE CONSOLIDATED CLASS ACTION COMPLAINT

SILLS CUMMIS & GROSS P.C.           SIDLEY AUSTIN LLP
One Riverfront Plaza                787 Seventh Avenue
Newark, New Jersey  07102-5400      New York, New York  10019
(973) 643-7000                      (212) 839-5300

*Attorneys for Defendants Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co, Incorporated, UBS Securities LLC, Wachovia Capital Markets, LLC, Banc of America Securities LLC, RBC Capital Markets Corporation, and J.P. Morgan Securities Inc.*

i

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ........................................................................................................................ 1

I.    THE COMPLAINT ALLEGES FRAUD, BUT DOES NOT
SATISFY RULE 9(b) ............................................................................................. 2

II.    PLAINTIFF FAILS TO PLEAD A VIOLATION OF ITEM 303 ................. 3

III.    THE DUE DILIGENCE DEFENSE APPLIES ............................................... 4

CONCLUSION ..................................................................................................................... 5

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)...................................................................................................2

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) .......................................................................................................2

Cafaro v. HMC Int'l, LLC,
    No. 07-2793, 2009 WL 1622825 (D.N.J. June 10, 2009) (Linares, J.) ...............2

CalPERS v. Chubb Corp.,
    394 F.3d 126 (3d Cir. 2004) ..........................................................................................2

In re Countrywide Financial Corp. Securities Litigation,
    588 F. Supp. 2d 1132 (C.D. Cal. 2008)........................................................................4

In re NAHC, Inc. Sec. Litig.,
    306 F.3d 1314 (3d Cir. 2002)........................................................................................4

In re Vonage IPO Sec. Litig.,
    Civil Action No. 07-177 (FLW), 2009 U.S. Dist. LEXIS 28255 (D. N.J.
    Apr. 6, 2009) ..................................................................................................................2

**OTHER AUTHORITIES**

17 C.F.R. § 229.303(a)(3)(ii) ...............................................................................................3

The Underwriter Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss Plaintiff's Complaint.[1]

## ARGUMENT

Plaintiff's Opposition Brief does not meaningfully rebut what is clear: the Complaint fails to state a Section 11 claim against the Underwriter Defendants because (1) Plaintiff does not plead that any statements in Prudential's Registration Statement and Prospectus were false when made, and any inferences Plaintiff seeks are contradicted by documents incorporated by reference into the Complaint or judicially noticeable filings; (2) there was no duty to make intra-quarterly disclosures; (3) Plaintiff fails to plead materiality; and (4) Plaintiff fails to plead any compensable loss.

Instead of rebutting these points, Plaintiff's Opposition Brief continues where the Complaint left off, i.e., Plaintiff continues to press out-of-context snippets from earnings call transcripts, its coined phrase "Joint Venture Litigation," as well as its obvious misinterpretations of accounting provisions as support for its Section 11 claim against the Underwriter Defendants.  Each of these points, however, is belied directly by Prudential's public disclosures.  Thus,

---

[1] The Underwriter Defendants expressly incorporate all arguments contained in their opening brief ("UW Br."), as well as all applicable arguments in the Prudential Defendants' opening brief ("Pru Br.") and reply brief ("Pru Reply Br."). Plaintiff's opposition brief shall be defined as the "Opposition Brief" or "Opp. Br." All capitalized terms used but not defined herein shall have the meaning specified in the Prudential Defendants' and Underwriter Defendants' moving briefs.

Plaintiff's claim is nothing more than a bald hindsight allegation that the Underwriter Defendants must have violated Section 11 because the price of the Notes temporarily declined with the market during the late Fall of 2008. As the Supreme Court and this Court have made clear, pleading tactics like these do not state a claim. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Cafaro v. HMC Int'l, LLC, No. 07-2793, 2009 WL 1622825, at *2 (D.N.J. June 10, 2009) (Linares, J.).

In addition to the well-reasoned arguments set forth in the Prudential Defendants' moving and reply briefs, which are expressly incorporated herein, the Underwriter Defendants respectfully submit that the Complaint fails to state a claim against the Underwriter Defendants for three additional reasons.

## I. THE COMPLAINT ALLEGES FRAUD, BUT DOES NOT SATISFY RULE 9(b)

Plaintiff's Opposition Brief confirms that the Complaint alleges fraud and is subject to the heightened pleading standard set forth in Rule 9(b). First, the Complaint baldly alleges that Defendants "concealed" information, including "known trends." (Pru Br. at 8 n.3; UW Br. at 3 n. 2; Cmplt. ¶¶ 3, 42, 52-53, 60-61, 66-67.) A pleading that alleges knowing concealment simply is another way of pleading fraud. See Fed. R. Civ. P. 9(b); CalPERS v. Chubb Corp., 394 F.3d 126, 159-63 (3d Cir. 2004); In re Vonage IPO Sec. Litig., Civil Action No. 07-177 (FLW), 2009 U.S. Dist. LEXIS 28255, at *17-22 (D. N.J. Apr. 6, 2009).

2

Next, Plaintiff's Opposition Brief agues that (i) "[c]uriously, Prudential scheduled the Offering for only **four business days** before the end of Prudential's second fiscal quarter" so that it could withhold the "known trends" and (ii) it cannot be inferred that Prudential's assets "magically became impaired . . . in the four business days between June 25, 2008 and June 30, 2008." (Opp. Br. at 3-4, 32 n.18 (emphasis in original).) These bald assertions not only are false, but also reflect Plaintiff's interpretation of the Complaint, i.e., that the Complaint purports to allege fraud. Thus, Plaintiff was required to plead the Section 11 claim against the Underwriter Defendants in accordance with the particularity requirements of Rule 9(b). Given that none of Plaintiff's allegations meets this stringent pleading requirement, the Complaint should be dismissed. See also Pru Reply Br. 7-8.

## II. PLAINTIFF FAILS TO PLEAD A VIOLATION OF ITEM 303

Because Plaintiff advances no well-pled allegations that any negative trends were known or knowable by any Defendant, there is no factual support for Plaintiff's conclusory assertion that the Defendants violated Item 303.[2] (See, e.g., Pru Br. 14-16, 24-25, 33-34; Pru Reply Br. 7-10.) Thus, inasmuch as the Complaint fails to allege that any trends were known or knowable by the Prudential Defendants, it also fails to do so as to the Underwriter Defendants who

---

[2]    Item 303 of SEC Regulation S-K requires disclosure of "known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." 17 C.F.R. § 229.303(a)(3)(ii).

3

certainly would have been in a lesser position to know of any such trends.

### III.  THE DUE DILIGENCE DEFENSE APPLIES

Plaintiff also wrongly argues that the Court cannot apply the statutory due diligence defense on this Motion.  Plaintiff points to In re Countrywide Financial Corp. Securities Litigation, 588 F. Supp. 2d 1132, 1181-82 (C.D. Cal. 2008) and weakly suggests that the defense does not appear "on the face of" the instant Complaint.  (Opp. Br. at 38 n. 23.)  But Plaintiff's bare allegations against the Underwriter Defendants here are very similar to those against the Countrywide underwriters.  Compare Cmplt. ¶¶ 74-75 with Countrywide, No. CV-07-5295 (C.D. Cal. Apr. 11, 2008) (No. 186) (Consolidated Amended Class Action Complaint), at ¶¶ 1174, 1215, 1257.[3]  Thus, the Countrywide court's reasoning should apply equally here, i.e., that "[i]n hindsight, it is appealing to say the same red flags could have put [the] Underwriter Defendants on notice that the accounting-related statements were false or misleading.  But the present [complaint] does not adequately allege that Underwriter Defendants' reliance on [auditor] and Countrywide management's accounting-related statements during this period was unreasonable."  Countrywide, 588 F. Supp. 2d at 1182.  Absent such an allegation, which appears nowhere in the Complaint, the due diligence

---

[3]  See also In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1331 (3d Cir. 2002) (Courts may take judicial notice of documents, such as public records, that are "'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'")

4

defense applies here and warrants dismissal.

## CONCLUSION

The Underwriter Defendants' motion to dismiss the Complaint with prejudice should be granted.

Dated: January 26, 2010
      Newark, New Jersey

Respectfully submitted,

By: /s/ Jeffrey J. Greenbaum

    Jeffrey J. Greenbaum
    jgreenbaum@sillscummis.com
    Katherine Lieb
    klieb@sillscummis.com
    **SILLS CUMMIS & GROSS P.C**.
    One Riverfront Plaza
    Newark, New Jersey 07201-5400
    Telephone: (973) 643-7000
    Facsimile: (973) 643-6500

    **SIDLEY AUSTIN LLP**
    A. Robert Pietrzak (*pro hac vice*)
    rpietrzak@sidley.com
    Alex J. Kaplan (*pro hac vice*)
    ajkaplan@sidley.com
    787 Seventh Avenue
    New York, New York  10019
    Telephone: (212) 839-5300
    Facsimile:  (212) 839-5599

    *Attorneys for Defendants Citigroup Global Markets Inc., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. Incorporated, UBS Securities LLC, Wachovia Capital Markets, LLC, Banc of America Securities LLC, RBC Capital Markets Corporation, and J.P. Morgan Securities Inc.*