**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, NJ 07102-5003
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
kcarroll@litedepalma.com

*Liaison Counsel for Lead Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN M. BAUER, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 09-1120-JLL |
| | Consolidated Action |
| Plaintiff, | |
| vs. | |
| PRUDENTIAL FINANCIAL, INC., et al. | |
| Defendants. | |

### PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO THE PRUDENTIAL DEFENDANTS' AND THE UNDERWRITER DEFENDANTS' MOTIONS TO DISMISS THE <u>CONSOLIDATED AMENDED CLASS ACTION COMPLAINT</u>

230385 v1

Lead Plaintiff Paul J. Perry ("Plaintiff") respectfully submits this Sur-reply Memorandum solely to address two arguments raised for the first time in the Prudential Defendants' Reply Memorandum Of Law In Further Support of The Prudential Defendants' Motion To Dismiss The Consolidated Amended Class Action Complaint [Doc. #75] (the "Prud. Reply").[1]  Both of the new arguments concern Plaintiff's allegations regarding Prudential's misrepresentations regarding Prudential's annuity and deferred acquisition costs.

## I. Plaintiff Did Not Waive Any Claims Concerning The Misrepresentation Of Prudential's Annuity And Deferred Acquisition Costs

Contrary to Defendants' new argument (Prud. Reply at 13-14), nothing in Plaintiff's Opposition expressly or implicitly "waives" any portion of their securities claims.  Defendants incorrectly argue that Plaintiff failed to address Defendants' argument that $115 million of the $380 million understatement did not exist at the time of the Offering because Defendants claimed on October 30, 2008 that $115 million of the $380 million charge "resulted from a third-quarter [2008]

---

[1]  By limiting this Sur-reply to these two new arguments, Plaintiff does not waive its argument on any other point.  Plaintiff respectfully submits that all of the remaining arguments raised in the Prudential Defendants' Reply – such as their continued (and incorrect) argument that §11 only imposes liability for "known" misstatements or omissions (*see, e.g.,* Prud. Reply at 10-11) – are without merit and addressed in Plaintiff's opposition brief [Doc. #74] ("Opposition" or "Pl. Opp."). Similarly, the arguments raised by the Underwriter Defendants in their Reply [Doc. #76] are also without merit and addressed in Plaintiff's Opposition.

230385 v1

change in Prudential's actuarial assumptions." Plaintiff did *not* somehow acknowledge the merit or legitimacy of Defendants' argument; in fact, Plaintiff specifically noted in his Opposition that Defendants' unilateral, self-serving statement raised, at best, factual questions that are inappropriate for resolution on a motion to dismiss. Pl. Opp. at 28-29 & n.15. Plaintiff further explained that, based on Carbone's admission and other statements during the same conference call by Mark Grier (Prudential's Vice Chairman), there was a strong factual basis to infer that the entire $380 million at issue (including the $115 million that Defendants focus on) should have been reflected in Prudential's financial results as early as "the third quarter of *2007*." *See* Pl. Opp. at 25-26, 28-29 (emphasis added).

## II. Plaintiff Properly Stated The Requirements of FASB Statement No. 97

Contrary to Defendants' new argument (Prud. Reply at 18-19), Defendants' assertion that FASB Statement No. 97 ("FASB 97") "does not address future rate of return assumptions" but rather only addresses "estimates of expected gross profit" (Prud. Reply at 18) is factually untrue.[2] FASB 97 itself makes clear that

---

[2] In their Motion (at 10-11), Defendants made the improper factual argument that Prudential's statement in the Registration Statement that use of actual investment performance required only a $30 million increase to the reserves somehow "alerted investors" that the Company could need to increase reserves by up to $350 million more. In response, Plaintiff argued that a reasonable investor would have understood Prudential to mean what was said – that only a $30 million increase in reserves would be necessary if the actual performance of the Company's investments were used. Pl. Opp.at 26-27. In further response to

230385 v1

2

expected gross profit is directly derived from, *inter alia,* future rate of return assumptions. *See* FASB 97, paragraph 23 ("Estimated gross profit . . . shall include estimates of the following elements . . . (c) Amounts expected to be earned from the investment of policyholder balances . . ."). Moreover, Defendants' new argument that Prudential's Form 10-Q for the quarter ended March 31, 2008 "explicitly told investors" that Prudential had ***not*** yet adjusted its future rate of return assumptions (Prud. Reply at 19) is incorrect. Prudential's Form 10-Q simply states that "*[f]or the first quarter of 2008* . . . we did not adjust our future rate of return assumptions." *See* Prud. Reply. Ex. 1 at 50 (emphasis added). As discussed above, and based on Defendants' own words and GAAP, investors would have reasonably assumed that any decline in the value of Prudential's investments would already have been accounted for in Prudential's financial results when they occurred (*i.e.*, beginning as early as *the third quarter of 2007*, eight months before the IPO). *See* Pl. Opp. at 25-26.

---

Defendants' improper factual argument, Plaintiff explained that, because GAAP (FAS 97) requires that any "future rate of return assumptions" be evaluated regularly, a reasonable investor would have assumed that the Company had ***already*** adjusted downward its "future rate of return assumptions" to account for the deteriorating investment returns it was actually experiencing. *Id.*

230385 v1                                    3

Dated: February 5, 2010 **LITE DEPALMA GREENBERG, LLC**

By: <u>/s/ Katrina Carroll</u>
Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, NJ 07102-5003
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@litedepalma.com
kcarroll@litedepalma.com

*Liaison Counsel for Plaintiff*

Jeffrey S. Nobel
Nancy A. Kulesa
**IZARD NOBEL LLP**
29 South Main Street, Suite 215
West Hartford, CT  06107
Telephone: (860) 493-6292
Facsimile: (860) 493-6290
jnobel@izardnobel.com

*Lead Counsel for Plaintiff*

230385 v1                                    4