# Connell Foley LLP
### ATTORNEYS AT LAW

85 LIVINGSTON AVENUE
ROSELAND, N.J. 07068-3702
(973) 535-0500
FAX: (973) 535-9217

JERSEY CITY OFFICE
HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, N.J. 07311-4029
(201) 521-1000
FAX: (201) 521-0100

NEW YORK OFFICE
888 SEVENTH AVENUE
NEW YORK, N.Y. 10106
(212) 262-2390
FAX: (212) 262-0050

PHILADELPHIA OFFICE
1500 MARKET STREET
PHILADELPHIA, PA 19102
(215) 246-3403
FAX: (215) 665-5727

PLEASE REPLY TO ROSELAND, NJ

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
WILLIAM H. GRAHAM+
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI*+
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN
JOHN K. BENNETT
PETER J. SMITH*
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY
TIMOTHY E. CORRISTON*
ERNEST W. SCHOELLKOPFF+
PATRICK J. HUGHES*+
JAMES C. MCCANN*
JOHN D. CROMIE
ANGELA A. IUSO*
GLENN T. DYER

WILLIAM T. MCGLOIN*
BRENDAN JUDGE
CHARLES J. HARRINGTON III+
DAREN S. MCNALLY*
STEPHEN V. FALANGA*
JEFFREY L. O'HARA
TRICIA O'REILLY*
ANTHONY F. VITIELLO*+
MARC D. HAEFNER
JONATHAN P. MCHENRY
JAMES P. RHATICAN*+
MATTHEW W. BAUER*
BRAD D. SHALIT*
W. NEVINS MCCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
BARBARA M. ALMEIDA*
_____
COUNSEL
JOHN W. BISSELL
JOHN B. LA VECCHIA
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*
STEVE BARNETT*
KARIN I. SPALDING*
JODI ANNE HUDSON*
CORNELIUS J. O'REILLY*
RICHARD A. JAGEN
NANCY A. SKIDMORE*
THOMAS M. SCUDERI*

ELIZABETH M. TRANTINA*
M. TREVOR LYONS*
CRAIG S. DEMARESKI*
ELIZABETH W. EATON
JOSEPH M. MURPHY
JASON E. MARX*
MICHAEL A. SHADIACK
OWEN C. MCCARTHY
PATRICIA A. LEE*+
DOUGLAS J. SHORT*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
AGNES ANTONIAN*
BRYAN P. COUCH*
GREGORY E. PETERSON*
HECTOR D. RUIZ*
NEIL V. MODY*
ROBERT A. VERDIBELLO*
MICHAEL J. ACKERMAN*
MELISSA A. ZAWADZKI*
MEGHAN C. GOODWIN*
MATTHEW S. SCHULTZ*
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
MATTHEW I. GENNARO*
DANIELA R. D'AMICO*
DANIA BILLINGS MURPHY*
CHRISTINE I. GANNON*

PHILIP W. ALLOGRAMENTO III*
CATHERINE G. BRYAN+
JAMES C. HAYNIE*
LAURIE B. KACHONICK*
MICHAEL D. RIDENOUR*
MEGAN M. ROBERTS*
ANDREW C. SAYLES*
STEPHEN D. KESSLER
CHRISTOPHER ABATEMARCO*
AARON M. BENDER
ANTHONY J. CORINO
WILLIAM D. DEVEAU*
DANIEL B. KESSLER*
CONOR F. MURPHY*
MEGHAN B. BARRETT*
RUKHSANAH L. LIGHARI
NICOLE B. DORY*
PATRICK E. DURING
CHRISTIAN J. JENSEN*
JOSEPH A. VILLANI, JR.*
LEE B. WILSON
ANDREW B. BUCKMAN
E. KEVIN VOLZ
BETH A. FERLICCHI
JENNIFER E. CONSTANTINOU
CHRISTOPHER M. HEMRICK*
SUSAN KWIATKOWSKI
MONICA SETH*
MELISSA D. LOPEZ
NEHA BANSAL

*ALSO ADMITTED IN NEW YORK
+ALSO ADMITTED IN PENNSYLVANIA

March 3, 2010

<u>*Via ECF and First-Class Mail*</u>
Honorable Jose L. Linares, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King. Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

    Re:    *Bauer v. Prudential Financial, Inc., et al.*
                Civil Action No. 09-1120

Dear Judge Linares:

       This firm, together with Goodwin Procter LLP, represents Defendants Prudential Financial, Inc., Arthur F. Ryan, Richard J. Carbone, Peter B. Sayre, Dennis G. Sullivan, Frederic K. Becker, Gordon M. Bethune, Gaston Caperton, Gilbert F. Casellas, James G. Cullen, William H. Gray III, Jon F. Hanson, Constance J. Horner, Karl J. Krapek, and James A. Unruh (collectively, the "Prudential Defendants") in the above-captioned action.

       On behalf of the Prudential Defendants, we write to apprise the Court of additional supplemental authority in support of the Prudential Defendants' motion to dismiss the Consolidated Amended Class Action Complaint, which is fully briefed. The recently issued decision in *Yu v. State Street Corp., et al.,* --- F. Supp. 2d ---, No. 08-CIV-8235 (RJH), 2010 WL 668645 (S.D.N.Y. Feb. 25, 2010), dismissed plaintiffs' Section 11 claims with prejudice for failure to state a claim pursuant to the notice requirements of Rule 8 of the Federal Rules of Civil

2295587-01

Honorable Jose L. Linares, U.S.D.J.
March 3, 2010
Page 2

Procedure.  *Id.* at *8, n.5.  This recent decision supports several of the points made in the Prudential Defendants' memorandum of law in support of their motion to dismiss ("Mem.") and their reply memorandum of law in further support of their motion to dismiss ("Reply").

In particular, the Prudential Defendants respectfully refer the Court to the following portions of *State Street* and page references for corresponding arguments in the Mem. and Reply:

- The *State Street* court dismissed plaintiffs' claims that a mutual fund's offering documents overstated the value of the fund's mortgage-related holdings because the complaint did not allege a single concrete fact to suggest that defendants deviated from their disclosed valuation methods.  *State Street*, 2010 WL 668645, at *8-9.  The court expressly rejected plaintiffs' allegation that the value of the fund's mortgage-related securities was inflated because the fund eventually took large write-downs on those securities.  "[T]he simple fact of a write-down does not stand for the proposition that values stated before the write-down were inaccurate, and the write-downs certainly do not substitute for facts about the supposedly false valuations themselves."  *Id.* at 9 (citing *In re Moneygram Intern., Inc.*, 626 F. Supp. 2d 947, 970 (D. Minn. 2009) ("the crescendo in [defendants'] unrealized losses [on mortgage-backed securities] during 2007 may merely have reflected the growing deterioration of the market")).  The write-downs, "at best," reflected the "mere possibility" that previous values were inaccurate, but that possibility, standing against the competing inference that the write-downs accurately tracked the declining values of securities during a precipitous market crash, could not withstand a motion to dismiss.  *State Street*, 2010 WL 668645, at *9; *see* Mem. at 9-14 (factually unsupported inferences regarding post-offering increased reserves and amortization implausible, particularly in light of market conditions); Reply at 12-17 (same); Mem. at 17-23 (factually unsupported inferences regarding post-offering write-downs implausible, particularly in light of market conditions); Reply at 19-22 (same).

- Though the *State Street* court observed that the complaint alleged that market events in the subprime mortgage market (including rising delinquency, default, and early payment rates and resulting losses to subprime lenders) occurred *prior* to the write-downs, the court determined that the complaint failed to allege how the declines diminished the value of any of the mutual fund's mortgage-related holdings in a way that was not reflected under its disclosed "fair value" valuation methods.  *State Street*, 2010 WL 668645, at *9.  "Plaintiffs' overvaluation claims fail because they offer no facts to render plausible that State Street similarly deviated from its disclosed valuation methods."  *Id.*  "Because they have not alleged any facts about the Fund's mortgage-related holdings or about how the value of those holdings conflicted with defendants' valuations, the overvaluation claims must be dismissed."  *Id*; *see* Mem. at 9-14 (factually unsupported inferences regarding disclosed reserve and amortization methodology implausible, particularly in light of market conditions); Reply at 12-19 (same); Mem. at 17-23 (factually unsupported inferences regarding disclosed impairment methodology implausible, particularly in light of market conditions); Reply at 19-22 (same).

2295587-01

Honorable Jose L. Linares, U.S.D.J.
March 3, 2010
Page 3

- The *State Street* court dismissed plaintiffs' claim that the fund's offering documents contained materially false descriptions of its mortgage-related holdings, which included both asset-backed and mortgage-backed securities. *State Street*, 2010 WL 668645, at *6. The court reasoned that plaintiffs failed to allege that supposed misstatements concerning the desirability of mortgage-related securities were material in the context of the totality of information disclosed in the prospectuses and available in the marketplace. *State Street*, 2010 WL 668645, at *6. "Investors are presumed to be aware of market trends." *Id.* (citing *Landmen Partners, Inc. v. Blackstone Group, L.P.*, 659 F. Supp. 2d 532, 545 (S.D.N.Y. 2009) ("Generally known macro-economic conditions are part of the 'total mix' of information available to investors.")) (additional citations and quotations omitted). *See* Mem. at 11-14 (widely known market conditions); Reply at 14-16, 17 (same); Mem. at 16-17 & 25-26 (materiality); Mem. at 22-23 (widely known market conditions and warnings about worsening economic conditions and corresponding impact); Reply at 20 & n.13 (same).

- The *State Street* court dismissed plaintiffs' claim that certain tables in the fund's annual report showing percentages of the fund's mortgage-related securities holdings were misleading. *State Street*, 2010 WL 668645, at *7-8. Rejecting plaintiffs' attempt to view the tables in isolation, the court held that no reasonable investor would have considered the tables materially misleading when viewed in the context of the annual report "as a whole." *Id.* at *8. Given the "total mix" of information available in the annual report (including detailed disclosures preceding the tables plaintiffs challenged), the court found that no reasonable investor would have believed that the tables were materially misleading. *Id*; *see* Mem. at 13-14 (statements regarding annuity-related charges not materially misleading when viewed in context of disclosures); Reply at 12-17 (same); Mem. at 18-23 (statements regarding impairments not materially misleading when viewed in context of disclosures and detailed tables of assets in unrealized loss categories); Reply at 19-22 (same).

A copy of the *State Street* decision is enclosed.

        Respectfully submitted,

        *s/Liza M. Walsh*
        Liza M. Walsh

Enclosure

cc:    All Counsel of Record (via ECF)

2295587-01