**LITE DEPALMA GREENBERG, LLC**

LDG ATTORNEYS AT LAW

Newark • Chicago

Two Gateway Center, 12th Floor
Newark, NJ 07102

Tel: 973.623.3000
Fax: 973.623.0858
www.litedepalma.com

March 3, 2010

**VIA ECF**
Hon. Jose L. Linares, U.S.D.J.
U.S. District Court
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    **Bauer v. Prudential Financial, Inc.**
            **Consolidated Civil Action No. 09-1120 (JLL)**

Dear Judge Linares:

      This firm together with Izard Nobel LLP represents Plaintiff in the above-captioned action. We write in response to the letter of March 3, 2010, submitted on behalf of the Prudential Defendants (the "Prudential Letter Brief") [Docket No. 83].

      As a preliminary matter, the Prudential Defendants' three-page, single-spaced submission constitutes substantive and improper additional briefing. Local Rule 7.1 expressly provides that "[n]o sur-replies are permitted without permission of the Judge or Magistrate" and Defendants have not requested leave of this Court to make this submission. Certainly, Defendants should not be permitted to file an additional brief every time a new decision involving the Securities Act is issued somewhere in the country (the relevant opinion at issue here is not from any court within the Circuit and has no precedential value). Accordingly, Plaintiff respectfully requests that the Court strike the Prudential Letter Brief in its entirety.

      In any event, contrary to the Prudential Defendants' argument, the decision in *Yu v. State Street Corp.*, No. 08-Civ. 9235(RJH), 2010 WL 668645 (S.D.N.Y. Feb. 25, 2010), does not support dismissal of Plaintiff's complaint. As the Prudential Letter Brief acknowledges (*see, e.g.,* Prudential Letter Brief at 2), the court in *State Street* dismissed plaintiffs' claims only because plaintiffs alleged *no* specific facts, beyond the bare existence of a subsequent write-down, to support their claim that certain assets had been overvalued at the time the operative registration statement was filed. *State Street*, 2010 WL 668645, at *9. Nor did the *State Street* plaintiffs specifically allege why the misrepresentations would be material to investors. *Id.* at *7.



Hon. Jose L. Linares, U.S.D.J.
Page 2
March 3, 2010

      The deficiencies identified by the *State Street* court do not apply in this litigation. First, *State Street* is irrelevant to Plaintiff's claim that Prudential misrepresented, in the text of the Registration Statement, that it was not subject to litigation or regulatory investigations concerning the collapse of the market for auction rate securities. *See* Consolidated Class Action Complaint [Docket No. #43] ("Complaint") at ¶¶ 42-53. Second, Plaintiff has specifically explained, through detailed factual allegations, why the reported net income of $69 million in the Registration Statement was false and/or misleading at the time of the Offering, and why those misrepresentations were material to investors. Complaint at ¶¶ 46-53, 55-58, 60, 63-66 (falsity), 3, 46, 59, 61, 68 (materiality); *see* Plaintiff's Memorandum of Law in Opposition to the Prudential Defendants' and the Underwriter Defendants' Motion to Dismiss the Consolidate Amended Class Action Complaint [Doc. #74] at 11-19, 24-29, 30-35 (falsity), 20-22, 30, 36 (materiality). As such, on a substantive level, *State Street* has no bearing on the issues involved in Defendants' motion to dismiss and is wholly inapposite.

      Respectfully,

      */s/ Joseph J. DePalma*
      Joseph J. DePalma

JJD:KC:nd
cc: All Counsel (via ECF)