# Connell Foley LLP
## ATTORNEYS AT LAW

JOHN A. PINDAR (1969)
GEORGE W. CONNELL (2005)
ADRIAN M. FOLEY, JR.
GEORGE J. KENNY*
KENNETH F. KUNZMAN
SAMUEL D. LORD
RICHARD D. CATENACCI
RICHARD J. BADOLATO*
PETER D. MANAHAN
JOHN B. MURRAY
MARK L. FLEDER
KEVIN J. COAKLEY
THOMAS S. COSMA
KATHLEEN S. MURPHY
PATRICK J. MCAULEY
PETER J. PIZZI*⁺
KEVIN R. GARDNER
ROBERT E. RYAN
MICHAEL X. MCBRIDE*
JEFFREY W. MORYAN
PETER J. SMITH*
BRIAN G. STELLER
PHILIP F. MCGOVERN, JR.
KAREN PAINTER RANDALL
LIZA M. WALSH
JOHN P. LACEY

TIMOTHY E. CORRISTON*
ERNEST W. SCHOELLKOPFF⁺
PATRICK J. HUGHES*⁺
JAMES C. MCCANN*
JOHN D. CROMIE
ANGELA A. IUSO*
GLENN T. DYER
WILLIAM T. MCGLOIN*
BRENDAN JUDGE
CHARLES J. HARRINGTON III⁺
STEPHEN V. FALANGA*
JEFFREY L. O'HARA
TRICIA O'REILLY*
ANTHONY F. VITIELLO*⁺
MARC D. HAEFNER
JONATHAN P. MCHENRY
JAMES P. RHATICAN*⁺
MATTHEW W. BAUER*
BRAD D. SHALIT*
W. NEVINS MCCANN*
THOMAS J. O'LEARY*
MITCHELL W. TARASCHI
M. TREVOR LYONS*
MICHAEL A. SHADIACK
PATRICIA A. LEE*⁺
AGNIESZKA ANTONIAN*
BRYAN P. COUCH*

**85 LIVINGSTON AVENUE**
**ROSELAND, N.J. 07068-3702**
**(973) 535-0500**
**FAX: (973) 535-9217**
JERSEY CITY OFFICE
HARBORSIDE FINANCIAL CENTER
2510 PLAZA FIVE
JERSEY CITY, N.J. 07311-4029
(201) 521-1000
FAX: (201) 521-0100

NEW YORK OFFICE
888 SEVENTH AVENUE
NEW YORK, N.Y. 10106
(212) 262-2390
FAX: (212) 262-0050

COUNSEL

JOHN W. BISSELL
FRANCIS E. SCHILLER*
EUGENE P. SQUEO*
NOEL D. HUMPHREYS*
ANTHONY ROMANO II*
STEVE BARNETT*
THOMAS M. SCUDERI*

KARIN I. SPALDING*
JODI ANNE HUDSON*
RICHARD A. JAGEN
OWEN C. MCCARTHY*
NANCY A. SKIDMORE*
GREGORY E. PETERSON*

———

CRAIG S. DEMARESKI*
ELIZABETH W. EATON
JOSEPH M. MURPHY
JASON E. MARX*
DOUGLAS J. SHORT*
JAMES M. MERENDINO
MICHELE T. TANTALLA*
HECTOR D. RUIZ*
NEIL V. MODY*
ROBERT A. VERDIBELLO*
MATTHEW S. SCHULTZ*
JENNIFER C. CRITCHLEY*
PATRICK S. BRANNIGAN*
DANIELA R. D'AMICO*
CHRISTINE I. GANNON*
PHILIP W. ALLOGRAMENTO III*
CATHERINE G. BRYAN⁺
JAMES C. HAYNIE*
LAURIE B. KACHONICK*
ANDREW C. SAYLES*
STEPHEN D. KESSLER
CHRISTOPHER ABATEMARCO*

AARON M. BENDER
ANTHONY J. CORINO
WILLIAM D. DEVEAU*
DANIEL B. KESSLER*
CONOR F. MURPHY*
MEGHAN B. BARRETT*
RUKHSANAH L. LIGHARI*
NICOLE B. DORY*
PATRICK E. DURING
CHRISTIAN J. JENSEN*
JOSEPH A. VILLANI, JR.*
ANDREW B. BUCKMAN
E. KEVIN VOLZ⁺
BETH A. FERLICCHI
JENNIFER E. CONSTANTINOU*
CHRISTOPHER M. HEMRICK*
SUSAN KWIATKOWSKI
MONICA SETH*
MELISSA D. LOPEZ
JASON D. FALK
JOANNA S. RICH
NEIL V. SHAH
STEPHEN R. TURANO*

Writer's Direct Dial  (973) 533-4216
Writer's Email Address  Lwalsh@connellfoley.com

April 14, 2010

**VIA ECF**
Honorable Jose L. Linares, U.S.D.J.
United States District Court for the District of New Jersey
Martin Luther King. Jr. Federal Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *Bauer v. Prudential Financial, Inc., et al.*
      Civil Action No. 09-1120

Dear Judge Linares:

This firm, together with Goodwin Procter LLP, represents Defendants Prudential Financial, Inc., Arthur F. Ryan, Richard J. Carbone, Peter B. Sayre, Dennis G. Sullivan, Frederic K. Becker, Gordon M. Bethune, Gaston Caperton, Gilbert F. Casellas, James G. Cullen, William H. Gray III, Jon F. Hanson, Constance J. Horner, Karl J. Krapek, and James A. Unruh (collectively, the "Prudential Defendants") in the above-captioned action.

On behalf of the Prudential Defendants, we write to apprise the Court of additional supplemental authority in support of the Prudential Defendants' motion to dismiss (the "Motion") the Consolidated Amended Class Action Complaint, which is fully briefed. The Third Circuit recently issued a decision in *U.S. v. Schiff*, --- F.3d ---, Nos. 08-1903 & 08-1909, 2010 WL 1338141 (3d Cir. April 7, 2010), analyzing when an issuer has a duty to update public statements under the securities laws. *See Schiff*, 2010 WL 1338141, at *13-14. In *Schiff*, the Third Circuit affirmed the dismissal of a criminal indictment, which contended that the former CFO of Bristol-Myers Squibb had violated Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, by allegedly making material misstatements in quarterly investor conference calls about the volume of Bristol-Myers' sales to wholesalers and by thereafter failing to update or correct those statements in the

company's SEC filings. *Id.* at *11. Although *Schiff* involved an appeal in the criminal context, the Third Circuit addressed the duty to update "[i]n the civil context," which the Court stated "applies here to understand when these duties arise." *Id.* at 13. Inasmuch as the Third Circuit reaffirmed that the duty to update is "narrow" (*id.*), this recent decision supports arguments made in the Prudential Defendants' memorandum of law in support of the Motion ("Mem.") and reply memorandum of law in further support of the Motion ("Reply").

In particular, the Prudential Defendants respectfully refer the Court to the following portions of *Schiff* and page references for corresponding arguments in the Mem. and Reply:

- After affirming the District Court's determination that the government had waived any securities claim based on an alleged duty to update, the Third Circuit explained that, even absent waiver, any such claim would fail as a matter of law, citing the Court's earlier decision in *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1430-34 (3d Cir. 1997), regarding when a corporation has a duty to update its disclosures. *Schiff*, 2010 WL 1338141, at *13; *see* Mem. at 16 n.11; Reply at 10-12, 19 n.10, 22-24 (citing *Burlington*).

- The Third Circuit explained that a duty to update may arise where "statements that, although reasonable at the time made, become misleading when viewed in the context of subsequent events." *Schiff*, 2010 WL 1338141, at *13 (citing *Burlington*, 114 F.3d at 1431) (additional citations omitted). The Court, however, emphasized that the duty to update is "narrow . . . because of the potential to create a sweeping continuing obligation for corporations when they disclose information." *Schiff*, 2010 WL 1338141, at *13. "Importantly," the Third Circuit explained in *Schiff*, "the *Burlington* Court noted that the duty has only been plausible where the initial statement concerns '*fundamental*[] change[s]' in the nature of the company—such as a merger, liquidation or takeover attempt—and when subsequent events produce an '*extreme*' or 'radical change' in the continuing validity of that initial statement." *Id.* (citing *Burlington*, 114 F.3d at 1433-34 & n.20) (emphasis supplied); *see* Reply at 10-12.

- The Court of Appeals then explained in *Schiff* that statements allegedly made by Bristol-Myers Squibb's former CFO concerning the volume of sales to wholesalers in its distribution chain "did not come close to fitting within the narrow range of this duty." *Schiff*, 2010 WL 1338141, at *13; *see* Reply at 10-12 (no duty to disclose intraquarter results unless issuer has publicly announced expectations for future and subsequently learns information indicating future results will be an "extreme departure" from what could be anticipated based on publicly available information).

A copy of the *Schiff* decision is enclosed.

                                            Respectfully submitted,

                                            *s/ Liza M. Walsh*

                                            Liza M. Walsh

Enclosure

cc:     All Counsel of Record (via ECF)