LITE DEPALMA GREENBERG, LLC

LDG ATTORNEYS AT LAW

Newark • Chicago

TWO GATEWAY CENTER, 12TH FLOOR
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
www.litedepalma.com

April 15, 2010

**VIA ECF**
Hon. Jose L. Linares, U.S.D.J.
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

     Re:    **Bauer v. Prudential Financial, Inc.**
              **Consolidated Civil Action No. 09-1120 (JLL)**

Dear Judge Linares:

       This firm, together with Izard Nobel LLP, represents Plaintiff in the above-captioned action. We write in response to the letter brief of April 14, 2010, submitted on behalf of the Prudential Defendants (the "Second Prudential Letter Brief"). As noted in our letter of March 3, 2010, in response to the Prudential Defendants' previous submission of a letter brief, the Prudential Defendants' two-page, single-spaced submission here again constitutes substantive and improper additional briefing. As set forth in our March 3, 2010 letter, the Prudential Defendants should not be permitted to file a new brief every time a new decision involving a security is issued.

       In any event, contrary to the Prudential Defendants' argument, the decision in *U.S. v. Schiff*, Nos. 08-1903, 08-1909, 2010 WL 1338141 (3d Cir. April 7, 2010), has no applicability whatsoever to this case or the claims in Plaintiff's complaint. Unlike the claims in *Schiff*, which arose under *§10(b)* of the *Securities Exchange Act of 1934*, Plaintiff's claims arise under *§11* of the *Securities Act of 1933*.

       In addition, unlike the claims in *Schiff*, Plaintiff's claims arise from Defendants' misrepresentations *in* the Registration Statement concerning events that had *already*

234860 v1



Hon. Jose L. Linares, U.S.D.J.
April 15, 2010

Page 2 of 2

occurred.[1]  The Complaint also alleges claims under SEC Regulation S-K, 17 C.F.R. Section 229.303(a)(3)(ii) ("Item 303"), which specifically ***required*** Defendants to affirmatively disclose ***in*** the Registration Statement the adverse "known trends or uncertainties" that had already occurred.[2]  Thus, unlike the claims in *Schiff*, Plaintiff's claims do not arise from any duty to "update" statements that were true when made, but solely arise from Defendants' misrepresentations ***in*** the Registration Statement arising from their failure to disclose and/or account for events that had ***already*** occurred. *See Schiff*, 2010 WL 1338141, at *13 (limited scope of duty to update only applies where initial statement was "reasonable at the time made").

Accordingly, Defendants' arguments in the Second Prudential Letter Brief are without merit, and Defendants' Motions to Dismiss should be denied.

                                                           Respectfully,

                                                          *s/Katrina Carroll*

                                                          Katrina Carroll

cc:  All Counsel (via ECF)

---

[1] Consolidated Class Action Complaint [Doc. #43] ("Complaint") at ¶¶40-42, 47-49, 54-58, 62-64, 68; Plaintiff's Memorandum of Law in Opposition to the Prudential Defendants' and the Underwriter Defendants' Motion to Dismiss the Consolidate Amended Class Action Complaint [Doc. #74] (Pl. Mem.) at 1-4, 7-10, 11-16, 24-26, 30-32.

[2] Complaint, ¶¶42, 52, 60, 66; Pl. Mem. at 10-11, 15-16, 23, 32, 34.

234860 v1