**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
Katrina Carroll
Two Gateway Center, 12th Floor
Newark, NJ 07102-5003
Telephone: (973) 623-3000
Facsimile: (973) 623-0858
jdepalma@ldgrlaw.com
*Liaison Counsel for Lead Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KAREN M. BAUER, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 09-1120-JLL |
| Plaintiff, | |
| vs. | |
| PRUDENTIAL FINANCIAL, INC., et al. | |
| Defendants. | |

**DECLARATION OF JEFFREY S. NOBEL**

JEFFREY S. NOBEL declares as follows:

I, Jeffrey S. Nobel, am an attorney duly licensed to practice law before all of the courts of the State of Connecticut and am a member in good standing with the State Bar of Connecticut. I am a partner in the law firm of Izard Nobel LLP ("Izard Nobel"), which served as Lead Counsel for Lead Plaintiff Paul J. Perry, Trustee of the Paul J. Perry Revocable Trust ("Plaintiff") in the above-captioned class action (the "Litigation").

1. Pursuant to a Stipulation of Settlement dated August 4, 2011 [Dkt. No. 115-2], the parties reached a comprehensive settlement to the Litigation (the "Settlement"). I submit this

declaration in support of (i) Plaintiff's Motion for Final Approval of the $16.5 million class action settlement (the "Settlement") (the "Approval Motion"), (ii) the Motion for Award of Attorneys' Fees and Reimbursement of Costs and Expenses (the "Fee and Expense Motion"), and (iii) the Motion for Award to Lead Plaintiff (the "Lead Plaintiff Award Motion").

2. Plaintiff and Class Counsel seek approval of the Settlement in the Litigation as fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3. By the Fee and Expense Motion, Plaintiff's Counsel respectfully request an order awarding (a) attorneys' fees in the amount of twenty-five percent (25%) of the $16,500,000 Settlement Fund, (b) reimbursement of costs and expenses incurred in the amount of $179,973.63 and (c) interest on those attorneys' fees, costs and expenses at the same rate as earned by the Settlement Fund from the date that the Settlement Fund was established until paid to Class Counsel.

4. I have been personally involved in all aspects of the Litigation, and have participated in the drafting of the Memorandum In Support Of Motion For Final Approval Of Class Action Settlement, Motion for an Award of Attorneys' Fees and Reimbursement of Expenses, and Motion for Award to Lead Plaintiff (the "Settlement and Fee Brief"), submitted simultaneously herewith. I have personal knowledge of, and confirm that, all of the factual representations and opinions of Class Counsel set forth in the Settlement and Fee Brief are true and accurate to the best of my knowledge, information and belief.

5. Attached hereto as Exhibit A is the Affidavit of Mailing of Notice and Proof of Claim, Publication of Summary Notice and Receipt of Requests for Exclusion submitted by Francisco Garzon detailing the steps taken by the claims administrator to provide notice to Settlement Class Members and to administer requests for exclusion (the "Garzon Affidavit"). As

set forth in ¶¶ 4-9 of the Garzon Affidavit, and in accordance with the Court's August 5, 2011 Order [Dkt. No. 116] which preliminarily approved the settlement of this Class Action, over 39,000 copies of the "Notice of Pendency of Proposed Settlement of Class Action and Settlement Hearing" (the "Notice") were mailed to potential Settlement Class Members or their representatives and a Summary Notice was published in *The Wall Street Journal*. In addition, the Notice was posted on Izard Nobel's Internet website at www.izardnobel.com. The Notice described the Litigation and the proposed Settlement and specifically stated that Class Counsel intended to apply to the Court for an award of attorneys' fees in an amount of twenty-five percent (25%) of the Settlement Fund (plus interest), as well as reimbursement of Class Counsels' costs and expenses not to exceed $196,000, and an award of $5,000 to Plaintiff. This notice program was tailored to explain all aspects of the Settlement to all Settlement Class Members; the Notice explained the Settlement, the amount of attorneys' fees which would be requested, and the rights and options of Settlement Class Members. In this regard, the Notice provided that Settlement Class Members could have until October 31, 2011 to submit any objection to the proposed Settlement or the attorneys' fees, costs and expenses sought by Class Counsel or the award to Plaintiff. To date, no Settlement Class Member has submitted any objections. *See also* Garzon Affidavit, ¶10.

6. The total number of hours spent on the Litigation by Izard Nobel to date is 1,780 hours. The total hourly value of Izard Nobel's time (the "lodestar") is $952,437.50, and is based on the hourly rates charged by Izard Nobel to its hourly fee paying clients and which have been approved by courts that have awarded attorneys' fees to Izard Nobel.

7. Set forth below is the amount of time spent by each Izard Nobel attorney in connection with the Litigation, as reflected in the records of the firm, entered daily for each attorney. A copy of the firm resume for Izard Nobel is attached hereto as Exhibit B.

| **Attorney** | **Hourly Rate** | **Total Hours** | **Total Lodestar** |
|---|---|---|---|
| Robert A. Izard | $700 | 89.75 | $62,825.00 |
| Jeffrey S. Nobel | $600 | 703.25 | $421,950.00 |
| Mark P. Kindall | $500 | 41.25 | $20,625.00 |
| Seth R. Klein | $500 | 767.75 | $383,875.00 |
| Matthew Tuccillo | $500 | 5.75 | $2,875.00 |
| Wayne T. Boulton | $350 | 4.75 | $1,662.50 |
| Nancy A. Kulesa | $350 | 167.50 | $58,625.00 |
| **TOTAL:** | | 1,780.00 | $952,437.50 |

8. Izard Nobel has incurred a total of $176,338.65, in expenses in connection with the prosecution of the Litigation from inception through the date hereof, which have not been reimbursed. These expenses are broken down as follows:

| **Category** | **Amount** |
|---|---|
| Experts | $165,620.00 |
| Mediation Fees | $6,225.00 |
| Travel, Food and Lodging | $1,025.32 |
| PACER/Computerized Research | $124.27 |
| Photocopying/Reproduction | $2,477.00 |
| Postage and Delivery | $277.06 |
| PSLRA Notification and Filing Fees | $590.00 |
| **TOTAL:** | $176,338.65 |

9.  Attached hereto as Exhibit C is a Declaration of Joseph J. DePalma on behalf of Liaison Counsel Lite DePalma Greenberg, LLC (the "DePalma Declaration"). The DePalma Declaration states that Lite DePalma Greenberg, LLC spent a total of 341.4 hours in connection with the Litigation, had a lodestar of $194,500, and incurred unreimbursed costs and expenses of $3,634.98. The DePalma Declaration also includes the firm resume for Lite DePalma Greenberg, LLC.

10.  In accordance with ¶¶7 and 9 above, the combined lodestar of all Plaintiffs' Counsel is $1,146,937.50, reflecting 2,121.4 hours of work.

11.  In accordance with ¶¶8 and 9 above, the total costs and expenses incurred in this Litigation from inception through the date hereof which have not been reimbursed is $179,973.63.

12.  By the Lead Plaintiff Award Motion, Plaintiff Paul J. Perry, Trustee of the Paul J. Perry Revocable Trust, respectfully requests an order awarding $5,000 pursuant to 15 U.S.C. § 77z-1(a)(4). Attached as Exhibit A to the Lead Plaintiff Award Motion is the Declaration of Paul J. Perry, Trustee of the Paul J. Perry Revocable Trust in support of the Lead Plaintiff Award Motion.

13.  Attached hereto as Exhibit D is a true and correct copy of the Order Awarding Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses in *Aviva Partners, LLC v. Exide Tech.*, 05-cv-03098-MLC-LHG, dated June 23, 2009.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of October, 2011, at West Hartford, Connecticut.

/s/ _____
JEFFREY S. NOBEL

5