**NOT FOR PUBLICATION**                                              **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN M. BAUER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PRUDENTIAL FINANCIAL, INC., et al.<br><br>Defendants. | Civil Action No.: 09-1120 (JLL)<br><br>**FINAL JUDGMENT AND ORDER** |

**LINARES**, District Judge.

### FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

This Court held a hearing on November 14, 2011, upon motion of Lead Counsel for approval of the Settlement set forth in the Stipulation of Settlement, dated as of August 4, 2011, (the "Settlement Stipulation"). Due and adequate notice having been given to the Settlement Class as required by prior Order of the Court, dated August 5, 2011 (the "Preliminary Approval Order"), and the Court having considered the Settlement Stipulation, all papers filed and proceedings had herein and all comments received regarding the proposed Settlement, and having reviewed the entire record in the Litigation and good cause appearing.

**IT IS**, hereby Ordered, Adjudged, and Decreed as follows:

1.      The Court, for purposes of this Final Judgment and Order of Dismissal With Prejudice (the Judgment"), adopts all defined terms set forth in the Settlement Stipulation and incorporates the terms of the Settlement Stipulation by reference herein.

2. The Court has jurisdiction over the subject matter of the above-captioned Litigation (the "Litigation"), Lead Plaintiff, the other Members of the Settlement Class, and Defendants.

3. The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action and Settlement Hearing, Proof of Claim and Release, and publication of the Summary Notice of Proposed Settlement of Class Action and Settlement Hearing, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Settlement Class of the pendency of the Litigation and their rights in it, the terms of the proposed Settlement of the Litigation, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement Stipulation. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 77z-1(a)(7), federal law, due process, the United States Constitution, and any other applicable law.

4. The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Settlement Stipulation and its exhibits.

5. With respect to the Settlement Class, this Court finds and concludes that, for purposes of the Settlement only, that the prerequisites to a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a)

the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law or fact common to the Members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. For the purposes of this Settlement, the Court hereby:

(i) certifies a Settlement Class of all purchasers of the 9% Junior Subordinated Notes of Prudential Financial, Inc. ("Prudential") (the "Notes") from June 24, 2008 through March 12, 2009, inclusive (the "Settlement Class Period"), pursuant to and/or traceable to a registration statement and prospectus issued in connection with Prudential's June 24, 2008 initial public offering of the Notes (the "Offering"), exclusive of Defendants, all officers and directors of any of the Defendants during the Settlement Class Period, members of the immediate family of each individual Defendant, any entity in which any Prudential Defendant has a controlling interest, any entity in which any Underwriter Defendant has a majority interest, and the legal representatives, heirs, successors, or assigns of any such excluded person. Also excluded from the Settlement Class are those Persons who timely and validly made Requests for Exclusion (identified in Exhibit 1 hereto);

    (ii)  appoints and certifies Lead Plaintiff Paul J. Perry, Trustee of the Paul J. Perry Revocable Trust as representative of the Settlement Class; and

    (iii)  finds, pursuant to Rules 23(g)(1) and (4) of the Federal Rules of Civil Procedure, that Izard Nobel LLP as Lead Counsel and Lite DePalma Greenberg, LLC as Liaison Counsel have represented the interests of the Settlement Class fairly and adequately, and therefore appoints Izard Nobel LLP as Lead Counsel and Lite DePalma Greenberg, LLC for the Settlement Class.

  7.  After hearing and based upon the submission of Lead Counsel, this Court hereby approves the Settlement, as set forth in the Settlement Stipulation, each of the releases, and other terms, as fair, reasonable, and adequate to the Settlement Class and the Settlement Class Members. The Parties to the Settlement Stipulation are therefore hereby directed to consummate and perform its terms.

  8.  Except as to any individual claim of those Persons, if any (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to Lead Plaintiff and the other Members of the Settlement Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation. By operation of the Judgment and under the terms of the Settlement Stipulation and the releases therein, it is intended to preclude, and shall preclude, Lead Plaintiff and all other Settlement Class Members from filing or pursuing any Released Claims under federal law or the law of any state.

9. Upon the Effective Date, Lead Plaintiff shall execute and deliver the Proof of Claim and Release and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including "Unknown Claims") against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

10. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all claims against Lead Plaintiff, the Settlement Class Members and all Plaintiff's Counsel, arising out of, relating to, or in connection with the institution, prosecution, assertion, or resolution of the Litigation or the Released Claims.

11. Upon the Effective Date, Lead Plaintiff, the Settlement Class Members, and all Plaintiff's Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Persons from all claims arising out of, relating to, or in connection with the defense, or resolution of the Litigation or the Released Claims.

12. All Settlement Class Members are permanently barred and enjoined from instituting, prosecuting, participating in, continuing, maintaining, or asserting, in any capacity, any action or proceeding that involves or asserts any of the Released Claims.

13. Only those Settlement Class Members submitting valid and timely Proofs of Claim and Release shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim and Release to be executed by the Settlement Class Members shall further release all Released Claims against the Released Persons. All Settlement Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim and Release.

14. Neither the Settlement Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their Related Parties; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence by any Settling Party for any purpose except as provided in this ¶ 14. Released Persons may file the Settlement Stipulation and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties, their respective counsel or any other Member of the Settlement Class may file the Settlement Stipulation in any proceeding brought to enforce any of its terms or provisions.

15. Only those Settlement Class Members identified in Exhibit 1 hereto as having validly filed Requests for Exclusion from the Settlement Class shall not be bound by this Final Judgment and Order of Dismissal.

16. Without affecting the finality of this Judgment and Order of Dismissal with Prejudice in any way, the Court hereby reserves and retains exclusive and continuing jurisdiction over all matters relating to the administration and effectuation of the Settlement Stipulation and Settlement.

17. Any order, or any objection to or appeal from any order, approving the Plan of Allocation, Fee and Expense Application, or the Lead Plaintiff's Expense Application shall in no way disturb or affect this Judgment and shall be considered separate from this Final Judgment.

18. The Court finds that Lead Plaintiff and Defendants, and their respective counsel, have, at all times during the course of the Litigation, complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. The Court finds that the amount paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, and under the supervision of a mediator.

19. It is expressly determined, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and the entry of this Judgment is hereby expressly directed.

SO ORDERED this 29 day of November, 2011.

_____
Honorable Jose L. Linares, U.S.D.J.